# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  v.            Case No. 08-CR-154

**VICKIE ALLEN**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Vickie Allen, a bank teller, pleaded guilty to bank theft, 18 U.S.C. § 2113(b), arising out of her participation in a scheme to loot the bank accounts of an elderly woman under the care of defendant's friend, a certified nursing assistant named Tameko Butts. In sentencing defendant, I followed the two step procedure mandated by United States v. Booker, 543 U.S. 220 (2005), and its progeny. First, I calculated and considered the advisory sentencing guideline range. Second, I determined the ultimate sentence by considering all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008); United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007).

## I. GUIDELINES

Bank theft carries a base offense level of 6 under U.S.S.G. § 2B1.1(a)(2). Based on the amount defendant stole – $90,800 – § 2B1.1(b)(1)(E) required an 8 level loss enhancement. Because the victim of this offense was particularly vulnerable due to her age and physical condition, § 3A1.1(b)(1) called for a further 2 level enhancement, producing an adjusted level of 16. Following a 3 level reduction for acceptance of responsibility under § 3E1.1, I adopted

a final level of 13. Coupled with defendant's criminal history category of I, level 13 produces an imprisonment range of 12-18 months.

## II. SENTENCE

**A.   Section 3553(a) Factors**

Section 3553(a) directs the district court to consider the following factors in imposing sentence:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the advisory guideline range;

(5)   any pertinent policy statements issued by the Sentencing Commission;

(6)   the need to avoid unwarranted sentence disparities; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute does not attach specific weights to these factors, leaving the sentencing court with significant discretion. United States v. Beier, 490 F.3d 572, 574 (7th Cir. 2007). While the court must give respectful consideration to the guidelines' recommendation, it may

2

not presume that the guideline sentence is the correct one. See, e.g., Rita v. United States, 127 S. Ct. 2456, 2465 (2007); United States v. Schmitt, 495 F.3d 860, 864-65 (7th Cir. 2007). Rather, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant – without any "'without any thumb on the scale favoring a guideline sentence.'" United States v. Allday, 542 F.3d 571, 573 (7th Cir. 2008) (quoting United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007)).

**B.   Analysis**

**1.   The Offense**

Defendant's co-actor, Butts, was hired to care for Loretta Thomas, a woman then in her mid-nineties. After learning how much money Ms. Thomas had, Butts and defendant, who worked at US Bank, proceeded to pilfer $90,800 from Ms. Thomas's US Bank savings and checking accounts. The scheme operated in three ways: (1) Butts submitted forged checks drawn on Ms. Thomas's account to defendant for cashing, totaling $11,000; (2) Butts filled out counter withdrawal slips and submitted them to defendant for cashing, totaling $79,000; and (3) on one occasion, defendant conducted an account transfer of $800 from Ms. Thomas's account into the account of her boyfriend. Both defendant and Butts eventually made confessions to the FBI, and defendant agreed to cooperate with the government against Butts.

This crime was deplorable. Butts and defendant took advantage of an elderly and vulnerable person to steal tens of thousands of dollars, over the course of ten months. While Butts was more culpable because she had the direct relationship with Ms. Thomas and used her position to abuse Ms. Thomas's trust, the scheme likely would not have succeeded without

3

defendant's inside help. I also noted that one of the thefts – the $800 transfer – was committed by defendant alone. Defendant stated that she spent much of her share of the proceeds on a needed renovation of the home she shared with her daughter. She denied using any of the funds to support addictive behaviors or to live lavishly.[1]

I considered the victim statements from the relatives of Ms. Thomas, which rightly expressed outrage at the abuse of trust.[2] Because US Bank refunded the money stolen to Ms. Thomas's estate, the Bank became the victim for purposes of restitution.

### 2. The Defendant

Defendant was thirty-five years old, with no prior record. She was the single mother of a daughter, age fifteen, who appeared to be doing quite well in school. Defendant was the sole source of financial support for the child, as the father rarely paid child support. Defendant compiled a solid employment record, working as a school bus driver for two years prior to sentencing, after losing her job at the bank based on her theft. I received a positive letter from her supervisor at the bus company. Defendant denied any substance abuse and appeared to have no other correctional treatment needs.

### 3. Guidelines and Purposes of Sentencing

The guidelines called for a term of 12-18 months in prison, but defendant requested a sentence served in the community.[3] While I agreed that a sentence slightly below the range would suffice to satisfy the purposes of sentencing, I found that a sentence with no custodial

---

[1] This stood in contrast to Butts, who used her share on a three day trip to New York, clothes, shoes and going out to clubs. She also gambled away $5000 or $6000 at a casino.

[2] Ms. Thomas died prior to sentencing.

[3] The government agreed to stand silent.

4

component would not. Given the serious nature of the conduct, including the amount involved – $90,800, and the length of time over which the thefts occurred – about ten months, some prison was necessary to provide just punishment and promote respect for the law. Some prison was also necessary to deter others tempted to steal from the elderly and vulnerable.

Defendant presented several arguments for leniency. First, she argued that her role was less than that of Butts. While that appeared to be true, the success of the scheme depended on defendant's status as an insider at the bank. Further, defendant engaged in at least one account transfer on her own. Therefore, while this argument supported a sentence below the range, it did not support a sentence with no custodial component.

Second, defendant noted her history of abiding by the law, working and supporting her child. These were factors in her favor, but the guidelines accounted for her lack of criminal history, and the offense conduct here, which lasted nearly a year, represented more than just an aberration or temporary departure from a law-abiding life.

Third, defendant claimed that based on her expression of remorse and attempts to cooperate with the government she had demonstrated that prison was not needed to promote respect for the law or to deter her from re-offending. Again, I found that these facts merited some consideration, but not to the extent defendant sought.

Fourth, defendant argued that there was no need to protect the public from her, as this was a crime of opportunity, rather than part of a pattern. As indicated, though, the offense conduct lasted ten months, so this argument fell somewhat flat. I did not see a significant need to protect the public, given defendant's lack of record and efforts to atone, but some prison was still needed to fully satisfy the purposes of sentencing.

Fifth, defendant asked me to consider the needs of her daughter. I did so, but I also

5

found that given the availability of defendant's mother to help in the short-term, a split sentence containing a short jail term would not cause undue harm to defendant's daughter.

Sixth, defendant asked me to consider the need to make restitution, which is a factor under § 3553(a)(7). See, e.g., United States v. Peterson, 363 F. Supp. 2d 1060, 1062 (E.D. Wis. 2005) (imposing below-guideline sentence to facilitate payment of restitution). It appeared that defendant would be able to retain her job with the bus company despite her conviction, and I saw no reason why she also could not after completing a short custodial sentence. Defendant could make restitution initially under the Inmate Financial Responsibility Program and later as a condition of supervised release.

In imposing a sentence that fell about 1 level below the range, I considered defendant's efforts to cooperate with the government, which included debriefing, recording conversations with Butts and testifying before the grand jury.[4] I also considered her lack of any prior record at all, and her slightly lesser role in the offense. Finally, I considered that her motive in stealing appeared to have been to provide for her child, rather than to finance a lavish lifestyle.

Under all the circumstances, I found a total sentence of 9 months sufficient but not greater than necessary. I split this sentence into 3 months prison and 6 months home detention as a condition of supervised release.

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 3 months. Upon release from prison, I ordered her to serve three years of supervision, with conditions including, inter alia, regular restitution payments, restrictions on employment having fiduciary

---

[4]At sentencing, the investigating FBI agent provided a description of defendant's efforts.

6

Case 2:08-cr-00154-LA   Filed 12/01/08   Page 6 of 7   Document 20

responsibilities, financial disclosure to the supervising probation officer, and compliance with the conditions of home confinement for a period of 180 consecutive days. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge